UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-882-SLP |
| | ) |
| CORECIVIC, et al., | ) |
| | ) |
| Defendants. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Christopher King, a federal pretrial detainee proceeding pro se, filed a civil rights suit alleging deprivation of pain medication ("Amended Complaint"). Doc. 10. United States District Judge Scott L. Palk referred this matter for disposition in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), and the case was later referred to the undersigned Magistrate Judge. Docs. 3, 4. The undersigned recommends that the Court dismiss this action because Plaintiff is deceased and the claims in his Amended Complaint are moot.

### I.    Background and Discussion

Plaintiff brought three claims for relief, all based on alleged deprivation of prescribed medication. Doc. 10 at 5-11. In Claim One, he alleged CoreCivic, Inc., a private prison corporation, maintains a policy and practice of "<u>NOT</u> keeping stock medication(s) for detainee(s)" and cutting costs at the expense of inmate health, in violation of his Eighth Amendment rights. *Id.* at 6-7. In Claim Two, he alleged that a CoreCivic nurse practitioner "took Plaintiff's pain medication, a chronically needed medication," as punishment for "attempting to divert" and in violation of his Eighth Amendment and Fourteenth Amendment rights. *Id.* at 7-10 (cleaned up). Finally, in Claim Three, Plaintiff alleged a

registered nurse working for CoreCivic "made up a fictitious story that caused Plaintiff to be stripped naked in saying that Plaintiff 'attempted to divert'" without following prison disciplinary procedures in violation of his Fourteenth Amendment rights.  *Id.* at 10-11 (cleaned up).  Plaintiff sought only injunctive relief through a preliminary injunction to "update [CoreCivic's] medical computer system," "order" certain medication, "stop opening [and] crushing" certain medication, and "keep needed stock medication."  *Id.* at 5.

In addition to his Amended Complaint, Plaintiff filed

- a motion to produce requesting an order directing prison officials to respond to his grievance appeal, Doc. 11, and

- an emergency motion requesting an order directing prison officials to provide his prescribed pain medication, Doc. 12.

When a prisoner seeks relief against a governmental entity or an officer or employee of a governmental entity, the Court has an obligation to screen the complaint and dismiss any part that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915A(a)-(b).  In addition, the Court may sua sponte consider mootness of a plaintiff's claims, because the Court lacks subject-matter jurisdiction if a claim is moot.  *See, e.g.*, *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Because mootness is a matter of jurisdiction, a court may raise the issue sua sponte."); *see also* Fed. R. Civ. P. 12(h)(3) (requiring that "the court must dismiss the action" if it "determines at any time that it lacks subject-matter jurisdiction").

During screening, the undersigned has learned that Plaintiff is deceased.  The United States Attorney in the Eastern District of Texas recently moved to dismiss with prejudice

the pending indictment against Plaintiff in that district because of Plaintiff's death. *United States v. King*, No. 4:20-CR-71, Doc. 1406, at 1 (E.D. Tex. Feb. 24, 2025).[1] That court dismissed Plaintiff's indictment. *Id.*, Doc. 1408 (E.D. Tex. Mar. 3, 2025).

"Under Article III of the United States Constitution, federal courts may adjudicate only 'cases or controversies.'" *Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," and "[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The Court must "decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Front Range Equine Rescue v. Vilsack*, 782 F.3d 565, 568 (10th Cir. 2015) (internal quotation marks omitted); *see also Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007) ("Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious.").

Plaintiff sought only prospective injunctive relief in his Amended Complaint. Doc. 10 at 5. Because Plaintiff is now deceased, his claims are moot because any entry of injunctive relief in his favor "would have no effect on the defendants' behavior towards

---

[1] The undersigned takes judicial notice of the filings in Plaintiff's criminal prosecution in the United States District Court for the Eastern District of Texas. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (exercising "discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

him." *Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997); *see also Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (concluding that a claim for injunctive relief against prison authorities was moot where one of the two prisoner-plaintiffs had died and the other had been released after suit was filed); *Jordan v. Sosa*, 654 F.3d 1012, 1029 (10th Cir. 2011) (concluding transfer to a different prison rendered a plaintiff's claims "constitutionally moot," as the court could not "accord him prospective relief that would have any effect in the real world").

The undersigned therefore recommends that the Court dismiss without prejudice Plaintiff's claims as moot.[2] *See Brown v. Buhman*, 822 F.3d 1151, 1179 (10th Cir. 2016) (noting that a court is without jurisdiction "[w]hen a case becomes moot," and "a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal must be without prejudice" (cleaned up)).

## II. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** this action without prejudice because the claims in Plaintiff's Amended Complaint, Doc. 10, are moot. The undersigned further recommends the Court **DENY** as moot Plaintiff's two pending motions. Docs. 11, 12. The parties are advised of a right to object

---

[2] The undersigned also notes that in Claim One Plaintiff challenged CoreCivic's policy of not keeping medications in stock, but he did not allege facts showing he had standing under Article III to challenge those policies when he filed suit. *See D.L.S. v. Utah*, 374 F.3d 971, 974 (10th Cir. 2004) ("To satisfy the standing requirement, a plaintiff must show that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision." (internal quotation marks omitted))

4

to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this Court by May 8, 2025. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 17th day of April, 2025.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE